(2008)
Don DiFIORE, Leon Bailey, James E. Brooks, Ritson Desrosiers, Marcelino Coleta, Tony Pasuy, Laurence Allsop, Clarence Jeffreys, Floyd Woods, and Andrea Connolly, Plaintiffs,
v.
AMERICAN AIRLINES, INC., Defendant.
Civil Action No. 07-10070-WGY.
United States District Court, D. Massachusetts.
June 19, 2008.

MEMORANDUM AND ORDER
YOUNG, District Judge.
In December 2006, skycaps[1] working at the American Airlines ("American") terminal at Boston's Logan Airport filed a class action lawsuit against American,[2] alleging various statutory and common law causes of action derived from American's imposition of a $2 per bag fee for curbside baggage services. In September 2007, this Court denied class action status and, via partial summary judgment, narrowed to two the theories of relief available to the skycaps: a violation of the Massachusetts Tips Statute, Massachusetts General Laws chapter 149 § 152A, and tortious interference with advantageous relations.[3] After an eleven-day trial, a jury returned a verdict in favor of all but one of the ten plaintiff skycaps and ordered American to pay damages in excess of $325,000. Jury Verdict [Doc. 145] at 1^4. Soon thereafter, American filed a motion for a new trial or, in the alternative, for remittur [Doc. 150], as well as a renewed motion for judgment as matter of law [Doc. 152].
After a thorough consideration of the arguments raised by both parties as well as the course of events at trial, the Court denies the motion for judgment as matter of law. A new trial is required, however, on the issue of liability with regard to those skycaps who are employed by independent contractors such as G2 Secure Staff ("G2 skycaps"), rather than directly by American.

I. ANALYSIS

A. What Constitutes a Service Charge?
Since the beginning of proceedings, the skycaps have contended that the $2 per bag fee constituted a service charge under the Tips Statute. Accordingly, the skycaps argued, American violated the Tips Statute by failing to turn over to them the proceeds of the fee. See, e.g., Compl. [Doc. 1 Ex. A] ¶ 1; Mem. in Supp. of Plaintiffs Mot. for Summ. J. [Doc. 57] at 1. American, however, argues that the plain language of the statutory definition of "service charge" forecloses liability with regard to the G2 skycaps.
A "service charge" is defined for purposes of the Tips Statute as:
a fee charged by an employer to a patron in lieu of a tip to any wait staff employee, service employee, or service bartender, including any fee designated as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or a service bartender in lieu of, or in addition to, a tip.
Mass. Gen. L. ch. 149 § 152A(a). Focusing on the presence of the word "employer" at the beginning of the definition, American argues that "[a] `service charge' is something that can only be undertaken by an employer." Mem. in Supp. of Renewed Mot. for J. as Matter of Law [Doc. 153] at 5. Because it does not directly employ the G2 skycaps, American urges this Court to rule that the $2 fee cannot be considered a service charge in the context of the G2 skycaps' complaints and thus that there is no basis for Tips Statute liability. See, e.g., id. at 3. The G2 skycaps, on the other hand, reason that because liability can attach to employers or "other persons" under the Tips Statute, Mass. Gen. L. ch. 149 § 152A(b)-(d), the failure to insert "or other person" after "employer" in the definition of "service charge" was a legislative oversight, not a meaningful choice to circumscribe to whom liability may attach.[4]See, e.g., Mem. in Opp. to Renewed Mot. for J. as Matter of Law [Doc. 161] at 5.
When confronted with this issue at summary judgment and again in American's first motion for judgment as a matter of law, the Court tentatively accepted the G2 skycaps' interpretation of "service charge" and permitted the case to proceed. When instructing the jury, furthermore, the Court did not limit the definition of service charge to those fees charged by employers. See Jury Instruction Tr. at 19. During the course of this case, however, the Court warned the G2 skycaps that it was far from certain that their reading of the statute was correct and indicated that the issue could come back to haunt them, so to speak, in the future.
Now, upon further reflection and analysis, this Court agrees with American that it would be error to read "or other person" into the statutory definition of service charge. This circuit has adopted a "circumscribed" approach to statutory interpretation. Herman v. Hector I. Nieves Transport, Inc., 244 F.3d 32, 34 (1st Cir. 2001). "Where, as here, [statutory] language is clear and unambiguous, the inquiry is at an end." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 8 (1st Cir.2007). This Court finds no ambiguity in the plain language of the definition.
Although "courts do make an occasional exception to the `plain language' rule in order to avoid obvious injustice or absurd results," id. at 9, neither situation is implicated here. Contrary to the G2 skycaps' assertion, this Court's decision not to read "or other person" into the statutory definition does not mean that there is "no circumstance in which an `other person' [can] be liable for demanding, requesting, accepting, or imposing a service charge" as contemplated elsewhere in the statute. Mem. in Opp. to Renewed Mot. for J. as Matter of Law at 4-5. Although largely overlooked by the parties, the plain language of the definition of "service charge" actually encompasses two different kinds of fees: (1) "a fee charged by an employer to a patron in lieu of a tip" or (2) "a fee that a patron or other consumer would reasonably expect to be given to" the protected employee classes "in lieu of, or in addition to, a tip." Mass. Gen. L. ch. 149 § 152A(a). Accordingly, other persons indeed can be liable for demanding, requesting, accepting, or imposing a "service charge" if the customer who paid the fee in question reasonably would have expected it to be given to a service employee.[5]
The Court can see no other reasonable way to read the statute. The fact that the statute uses the disjunctive strongly suggests the existence of two alternative definitions. Furthermore, consideration of the only other potentially plausible reading  that "or a fee that a person ..." is part of the clause beginning with "including"  leads to the conclusion that it is incorrect. Under this reading, the statute would provide not two alternative definitions of a service charge, but rather two examples of fees charged by an employer that should be considered a service charge: (1) those specifically designated by the employer as a service charge, tip, or gratuity and (2) those that a patron reasonably would expect to be given to protected employees.[6] If this was the case, however, one would expect the two examples to be joined with "and" rather than "or." Perhaps more notably, it is a rule of grammar that nonrestrictive or parenthetical clauses in sentences are set off by commas. See THE CHICAGO MANUAL OF STYLE 247-48, 250 (15th ed. 2003); WILLIAM STRUNK, THE ELEMENTS OF STYLE 2-5 (4th ed., Longman 2000); U.S. GOVERNMENT PRINTING OFFICE, STYLE MANUAL 131 (29th ed. 2000). Here, the relevant portion of the statute reads:
including any fee designated as a service charge, tip, [or] gratuity, or a fee that a patron or other consumer would reasonably expect ...
The clause beginning with "including" is not essential to the meaning of the sentence; it simply provides examples of "fees charged by an employer." Accordingly, the presence of a comma after "gratuity" signals that this nonrestrictive clause has come to an end; if the clause instead was designed to provide two examples, one would expect this comma to be absent. Thus, the statute as written indicates that "or a fee that a patron ..." stands apart from what precedes it. See United States Nat'l Bank of Oregon, v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 454, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("[T]he meaning of a statute will typically heed the commands of its punctuation."); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("This reading is also mandated by the grammatical structure of the statute. The phrase `interest on such claim' is set aside by commas, and separated from the reference to fees, costs, and charges by the conjunctive words `and any.' As a result, the phrase `interest on such claim' stands independent of the language that follows.").
Juxtaposition of the definition of "service charge" with other definitions provided in the Tips Statute confirms this grammar-based interpretation. For example, the definition of "employer" is structured virtually identically to the definition of "service charge" and reads:
any person or entity having employees in its service, including an owner or officer of an establishment employing [protected workers], or any person whose primary responsibility is the management or supervision of [protected employees].
Mass. Gen. L. ch. 149 § 152A(a). Similarly, the definition of "patron" is given as:
any person who is served by a [protected employee] at any place where such employees perform work, including ... any restaurant, banquet facility or other place at which prepared food or beverage is served, or any person who pays a tip or service charge to any [protected worker].
Id. Given that the Massachusetts' legislature repeatedly used the same structure to create alternative definitions elsewhere in the Tips Statute, it is only logical to read the definition of "service charge" as doing the same.
Finally, any doubt  although this Court has none  about the proper interpretation of the definition of "service charge" can be assuaged by reference to previous iterations of the current Tips Statute. Specifically, the first version of the Tips Statute provided this short, simple definition of "service charge":
a fee charged by an employer to a patron in lieu of a tip to a wait staff employee, or a fee which a patron or other consumer would reasonably expect to be given to a wait staff or service employee in lieu of, or in addition to a tip.
S.B. 72 (2001). There is simply no way to read Senate Bill 72 other than as creating two alternative definitions. A service charge consisted of either a "fee charged by an employer in lieu of a tip" or "a fee that a patron or other consumer would reasonably expect to be given ... in lieu of, or in addition to, a tip." When it later reconsidered the statute, the legislature thought it prudent to specify that the statute covered fees in latter category that the employer designated as a service charge, tip, or gratuity. See H.B. 499 (2003) (adding "including any fee designated as a service charge, tip, [or] gratuity" to the definition). This addition, however, did not alter the basic structure of the definition written in 2001, which created alternative definitions.[7]

B. Judgment as Matter of Law
While the first of the two alternative definitions encompasses only those fees charged by an employer, the second has no such restrictive language. For the same reasons that this Court considers it improper to read "or other person" into the first portion of the definition, it will not restrict the scope of the second portion by reading in "by an employer." Under the plain language of the statute, a service charge exists when a customer reasonably would expect a fee to go to a service employee, whether or not that fee is charged by the service employee's employer. Thus, the fact that the G2 skycaps are not employed directly by American does not automatically foreclose American's liability under the Tips Statute. In addition, this Court is not convinced that no reasonable juror could have concluded that no reasonable American passenger would have thought that the $2 charge would be given to the skycaps. This Court thus rules that judgment as matter of law is inappropriate.

C. New Trial
As explored above, the first portion of the statutory definition of "service charge" is inapplicable in the context of the complaints lodged by the G2 skycaps because American is not their employer.[8] Thus, a proper instruction on this issue would have stated that, as to the G2 skycaps, the sole circumstance in which the $2 fee could be considered a service charge is where a passenger reasonably would have expected it to go to the skycaps.[9] This Court, however, did not so instruct. Having accepted for the time being the G2 skycaps' argument that omission of "or other person" from the first portion of the definition was legislative oversight, the Court defined a service charge as:
a fee charged to a patron in lieu of or in addition to a tip to that service employee and includes any fee designated as a service charge, tip, gratuity, as well as fees ... charged that a patron or other consumer would reasonably expect to be given to a service employee in lieu of or in addition to a tip.
Jury Instruction Tr. at 19. Notably, the Court omitted "by an employer" from the first portion of the definition. It then told the jury that American was liable under the Tips Statute if the jurors found:
either that the $2 per bag curbside check-in fee was designated by American as a service charge, tip, or gratuity, or that patrons or other consumers would reasonably expect that the $2 fee was a tip being collected on behalf of the skycap and would be given to the skycap instead of or in addition to a tip.
Id.
The Court in essence instructed jurors to apply the first definition of "service charge" to the G2 skycaps' claims by reciting it  a fee charged to a patron in lieu of a tip, including fees designated as service charges, tips, or gratuities  without limiting it to such fees charged by employers. The Court then explicitly told jurors that American was liable if the $2 fee "was designated by American as a service charge," regardless of how passengers perceived the fee. See id.
The Court's instruction thus impermissibly broadened the scope of the statutory definition and constituted error. The fact that the Court also correctly instructed the jurors that they could find the $2 fee a "service charge" if a passenger reasonably would have expected the fee to have been given to the skycaps does not resolve the matter. The jury returned a general verdict in this case. Thus, the Court cannot be certain whether the jurors, when reaching their verdict with regard to the G2 skycaps, used the correct or incorrect portion of the instruction as the basis for their conclusion that the $2 fee constituted a service charge.
The error also infects the jury's verdict in favor of six G2 skycaps for tortious interference with advantageous relations. The Court instructed the jurors that a necessary element of the claim, improper means or motive, could be satisfied by a violation of the Tips Statute. Jury Instruction Tr. at 25. Because of the general verdict returned by the jury, the Court cannot know whether the jury found independent improper motive or means, see id. at 25-26 (explaining alternate grounds on which improper means or motive could exist), or whether the tainted Tips Statute verdict served as the predicate upon which the jurors found tortious interference.
For these reasons, the jurors' verdict in favor of the G2 skycaps cannot stand. The Court therefore orders a new trial as to liability only with regard to the eight prevailing G2 skycaps.[10]

II. CONCLUSION
Accordingly, the renewed motion for judgment as matter of law [Doc. No. 152] is DENIED. The motion for a new trial [Doc. No. 150] is ALLOWED IN PART and DENIED IN PART. Moreover, as there is as yet no final judgment in this case, the Court will defer decision on the motion for attorneys' fees [Doc. 155].
This case is restored to the September running trial list for a retrial as to liability only with respect to the eight G2 skycaps. As a practical matter, because the Massachusetts Tips Statute is complex legislation and an authoritative declaration of its meaning could well be dispositive of this case, the Court will entertain a motion to certify its statutory interpretation to the Massachusetts Supreme Judicial Court pursuant to its rule. See Mass. S.J.C. Rule 1:03. Should that course be adopted, the retrial as to liability will abide the response of the Supreme Judicial Court.
SO ORDERED.
NOTES
[1] There were originally two named plaintiffs. See Compl. [Doc. 1 Ex. A]. Seven more skycaps working at American's Boston terminal, as well as one skycap working at American's terminal in St. Louis, Missouri, eventually joined the suit. See Am. Compl. [Doc. 8]; 3d. Am. Compl. [Doc. 87].
[2] The suit was originally filed in the Massachusetts Superior Court sitting in and for the County of Suffolk. American removed the suit to this Court in January 2007.
[3] After the plaintiffs filed a third amended complaint adding more plaintiff skycaps, this Court again granted partial summary judgment to the same effect in January 2008.
[4] The G2 skycaps also argue that, even if the Court does not accept its argument regarding the omission of "or other person," American still may be found liable under the definition's plain language. Neither side disputes that American is an employer as that term is defined in the Tips Statute because it does employ some service employees, such as plaintiff DiFiore. See Mass. Gen. L. ch. 149 § 152A(a). The G2 skycaps thus argue that the $2 per bag fee satisfies the statutory definition of a service charge  even in the context of complaints brought by those skycaps American does not employ  because "[n]owhere does the statute state that employers are liable for service charges only as to their own employees." Mem. in Opp. to Renewed Mot. for J. as Matter of Law at 4.

This is too tortuous a reading of the statute. Furthermore, the key reasoning upon which the G2 skycaps rely to support this argument is factually incorrect. Specifically, the G2 skycaps argue that "were American's interpretation to be credited, there would be no circumstance in which an `other person' could be liable for demanding, requesting, accepting, or imposing a service charge" as contemplated by other portions of the Tips Statute. Id. at 4-5. As will be discussed infra, this is not the case.
[5] The Court also notes the fact that the current version of the definition of "service charge" was reexamined and amended  with terms added to the definitionseveral times prior to being enacted into law. Compare S.B. 72 (2001) (original version) with H.B. 499 (2003) and H.B. 4431 (2004) (codified at Mass. Gen. L. ch. 149 § 152A(a)) (subsequent amended versions). This detracts from the persuasiveness of the G2 skycaps' argument that the omission was an oversight.
[6] The Court supposes it possible that someone might even argue that "or a fee that a patron..." is the final item in a series. Specifically, what follows "including any fee designated as a ..." is a three-item list: "service charge, tip, gratuity." The lack of the word "or" between "tip" and "gratuity" might suggest that what follows the latter  "or a fee that a patron ..."  concludes this list.

This, however, cannot be the case because the clause, broken apart, would then read as follows: "including any fee designated as a service charge, any fee designated as a tip, any fee designated as a gratuity, or any fee designated as a fee that a patron or other consumer would reasonably expect to be given to [protected workers] in lieu of, or in addition to, a tip." An employer, however, cannot label a fee as "charge that you, the customer, will reasonably expect to be given to the waiter" as it can label a fee a "gratuity" or "service charge." Thus, this construction would make no sense and is plainly wrong. Instead, the absence of the word "or" between "tip" and "gratuity" appears to be a scriveners' error.
[7] The only other way in which the current statutory definition of "service charge" differs from Senate Bill 72 is that it includes service employees and service bartenders, as well as wait staff, in its scope. See H.B. 499 (2003) (adding service employees); H.B. 4431 (2004) (codified at Mass. Gen. L. ch. 149 § 152A(a)) (adding service bartenders).
[8] Aware of the Court's concern over the proper interpretation of the Massachusetts Tips Statute, the G2 skycaps have filed a post-trial letter [Doc. 168] arguing American is their "functional" or "joint" employer. Putting aside the impropriety of motion practice by way of letter, this argument, which plaintiffs did not raise until after the completion of the trial and is entirely at odds with their position throughout the trial, comes far too late. At this stage of the proceedings, any such claim has been waived.
[9] Plaintiff DiFiore, on the other hand, is employed directly by American. Thus, the jury properly could have found a service charge under either of the two alternative definitions put forth in the Tips Statute.
[10] The motion is DENIED as to the plaintiff DiFiore. Because he is an employee of American, the jury could properly have found the $2 fee a service charge because it fell into either of the categories put forth in the statutory definition. Therefore, the error in instructions was harmless as to him.

The motion is also DENIED as to the plaintiff Brooks. Insofar as the jury did not return a verdict in his favor, the error in jury instructions clearly did not prejudice American with regard to his claim, which was limited to tortious interference under Missouri law.